UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 06-30531-DHW
                                                         Chapter 13
CASSANDRA MORGAN,

    Debtor.

## ORDER GRANTING MOTION
## FOR RELIEF FROM STAY

Before the court is Washington Mutual Bank's ("Washington Mutual" or "Bank") motion for relief from the automatic stay (Doc. # 14) Washington Mutual seeks relief from the stay in order to proceed with ejectment proceedings against Cassandra Morgan ("debtor").

### Jurisdiction

The court's jurisdiction in this contested matter is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's order referring title 11 matters to the bankruptcy court. Further, this is a core proceeding under 28 U.S.C. § 157 thereby extending the court's jurisdiction to the entry of a final order or judgment.

### Facts

The facts are undisputed. Washington Mutual held a mortgage on the debtor's residence at 4308 Spring Park Drive, Montgomery, Alabama. Washington Mutual conducted a foreclosure sale of the debtor's residence at 12:45 p.m. on May 11, 2006. The residence sold at foreclosure for $65,652.01.

The debtor filed this chapter 13 petition for relief at 4:45 p.m on May 11, 2006. Although the foreclosure sale occurred before the debtor filed the petition, the foreclosure deed was not recorded until after the petition was filed. The debtor proposes to cure the prepetition arrearage through the chapter 13 trustee and make the postpetition mortgage payments directly to Washington Mutual.

## Conclusions of Law

The sole issue presented here is whether the debtor, at the time she filed the petition, had an interest in the realty sufficient to allow her to cure the arrearage and maintain the payments on the mortgage. The answer is no.

11 U.S.C. § 1322(c) provides in pertinent part as follows:

(C) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law —
(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law.

This statutory provision became effective in October 1994. The Court of Appeals for this circuit, ruling in a bankruptcy case filed prior to the effective date, established the foreclosure sale as the bright line terminating the right of a debtor to reinstate a home mortgage through chapter 13. *See Commercial Federal Mortgage Corp. v. Smith (In re Smith)*, 85 F.3d 1555 (11th Cir. 1996). After the foreclosure sale, the debtor has merely the statutory right of redemption which cannot be modified under a chapter 13 plan and "must be exercised as dictated under Alabama law." *Id.* at 1561. The court noted in a footnote that were it deciding the case under then recently enacted § 1322(c), "the foreclosure sale of [the debtor's] property most likely would have cut off his ability to cure the default on his mortgage." *Id.* at 1558 n.3.

Under § 1322(c), a foreclosure sale conducted in accordance with applicable nonbankruptcy law terminates the debtor's right to reinstate the mortgage on her principal residence. The debtor has not alleged that the sale was not conducted in accordance with Alabama law – merely that the foreclosure deed was not recorded before the chapter 13 petition was filed. However, foreclosure "is not complete when the foreclosure deed is filed but on the day of the foreclosure sale." *Cottrell v. United States (In re Cottrell)*, 213 B.R. 378, 381 n.6 (Bankr. M.D. Ala. 1996) (foreclosure deed filed eight days after foreclosure sale and 7 days after chapter 13 petition). For this reason, it is

ORDERED that Washington Mutual Bank's motion for stay relief to permit it to proceed with ejectment proceedings against the debtor is GRANTED.

Done this the 9th day of August, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Paul D. Esco, Debtor's Attorney
Daniel L. Feinstein, Creditor's Attorney
Curtis C. Reding, Trustee